Justice Scalia,
concurring.
I agree with the Court that, even if the express-reference requirement in § 207(b) of the Social Security Act is binding, it has been met here; and I join the opinion of the Court because it does not imply that the requirement is binding. I would go further, however, and say that it is not.
“[Ojne legislature,” Chief Justice Marshall wrote, “cannot abridge the powers of a succeeding legislature.” Fletcher v. Peck, 6 Crunch 87, 135 (1810). “The correctness of this principle, so far as respects general legislation,” he asserted, “can never be controverted.” Ibid. See also Marbury v. Madison, 1 Cranch 137, 177 (1803) (unlike the Constitution, a legislative Act is “alterable when the legislature shall please to alter it”); 1 W. Blackstone, Commentaries on the Laws of England 90 (1765) (“Acts of parliament derogatory from the power of subsequent parliaments bind not”); T. Cooley, Constitutional Limitations 125-126 (1868) (reprint 1987). Our cases have uniformly endorsed this principle. See, e. g., United States v. Winstar Corp., 518 U. S. 839, 872 (1996) (plurality opinion); Reichelderfer v. Quinn, 287 U. S. 315, 318 (1932) (“[T]he will of a particular Congress ... does not impose itself upon those to follow in succeeding, years”); Manigault v. Springs, 199 U. S. 473, 487 (1905); Newton v. *148 Commissioners, 100 U. S. 548, 559 (1880) (in cases involving “public interests” and “public laws,” “there can be ... no irrepealable law”); see generally 1 L. Tribe, American Constitutional Law § 2-3, p. 125, n. 1 (3d ed. 2000).
Among the powers of a legislature that a prior legislature cannot abridge is, of course, the power to make its . will known in whatever fashion it deems appropriate — including the repeal of pre-existing provisions by simply and clearly contradicting them. Thus, in Marcello v. Bonds, 349 U. S. 302 (1955), we interpreted the Immigration and Nationality Act as impliedly exempting deportation hearings from the procedures of the Administrative Procedure Act (APA), despite the requirement in § 12 of the APA that “[n]o subsequent legislation shall be held to supersede or modify the provisions of this Act except to the extent that such legislation shall do so expressly,” 60 Stat. 244. The Court refused “to require the Congress to employ magical passwords in order to effectuate an exemption from the Administrative Procedure Act.” 349 U. S., at 310. We have made clear in other cases as well, that an express-reference or express-statement provision cannot nullify the unambiguous import of a subsequent statute. In Great Northern R. Co. v. United States, 208 U. S. 452, 465 (1908), we said of an express-statement requirement that “[a]s the section ... in question has only the force of a statute, its provisions cannot justify a disregard of the will of Congress as manifested either expressly or by necessary implication in a subsequent enactment.” (Emphasis added.) A subsequent Congress, we have said, may exempt itself from such requirements by “fair implication” — that is, without an express statement. Warden v. Marrero, 417 U. S. 653, 659-660, n. 10 (1974). See also Hertz v. Woodman, 218 U. S. 205, 218 (1910).
To be sure, legislative express-reference or express-statement requirements may function as background canons of interpretation of which Congress is presumptively aware. For example, we have asserted that exemptions from the *149 APA are “not lightly to be presumed” in light of its express-reference requirement, Marcello, supra, at 310; see also Shaughnessy v. Pedreiro, 349 U. S. 48, 51 (1955). That assertion may add little or nothing to our already-powerful presumption against implied repeals.
“We have repeatedly stated . . . that absent a clearly established congressional intention, repeals by implication are not favored. An implied repeal will only be found where provisions in two statutes are in irreconcilable conflict, or where the latter Act covers the whole subject of the earlier one and is clearly intended as a substitute.” Branch v. Smith, 538 U. S. 254, 273 (2003) (plurality opinion) (internal quotation marks and citations omitted).
See also Morton v. Mancari, 417 U. S. 535, 551 (1974). When the plain import of a later statute directly conflicts with an earlier statute, the later enactment governs, regardless of its compliance with any earlier-enacted requirement of an express reference or other “magical password.”
For the reasons set forth in the majority opinion, in the Higher Education Technical Amendments and the Debt Collection Improvement Act, Congress unambiguously authorized, without exception, the collection of 10-year-old student-loan debt by administrative offset of Government payments. In doing so, it flatly contradicted, and thereby effectively repealed, part of § 207(a) of the Social Security Act. This repeal is effective, regardless of whether the express-reference requirement of § 207(b) is fulfilled.
Despite our jurisprudence on this subject, it is regrettably not uncommon for Congress to attempt, to burden the future exercise of legislative power with express-reference and express-statement requirements. See, e. g., 1 U. S. C. § 109; 5 U. S. C. §559; 25 U. S. C. § 1735(b); 42 U. S. C. §2000bb-3(b); 50 U. S. C. §§ 1547(a)(1), 1621(b). In the present case, it might seem more respectful of Congress to refrain from de- *150 daring the invalidity of the express-reference provision. I suppose that would depend upon which Congress one has in mind: the prior one that enacted the provision, or the current one whose clearly expressed legislative intent it is designed to frustrate. In any event, I think it does no favor to the Members of Congress, and to those who assist in drafting their legislation, to keep secret the fact that such express-reference provisions are ineffective.